IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| VALLERIE HARDY, | ) | |
| | ) | No. 6:10-cv-02972-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff Vallerie Hardy's motion for reconsideration of this court's order adopting the Report and Recommendation (R&R) of the magistrate judge and affirming the Commissioner's decision denying plaintiff's application for disability insurance benefits. For the reasons set forth below, the court denies the motion.

## I. DISCUSSION

Federal Rule of Civil Procedure 59(e) provides an "extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The Fourth Circuit recognizes "only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice." Wilder v. McCabe, No. 11-187, 2012 WL 1565631, at *1 (D.S.C. May 2, 2012) (citing Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993)). Motions brought pursuant to Rule 59(e) should not be used to challenge decided issues merely because the moving party

1

disagrees with the result.  See Hutchinson, 994 F.2d at 1082; see also Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC, No. 06-956, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to 'rehash' arguments previously presented or to submit evidence which should have been previously submitted.").  Rule 59(e) does permit a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings."  Pac. Ins. Co., 148 F.3d at 403 (internal quotation marks omitted).

In this case, Hardy sought disability benefits for the period of January 15, 1997 to June 30, 2002.  After her claim was denied by the Commissioner, Hardy brought suit in federal court and the court remanded to the ALJ for further administrative proceedings.  Hardy's application was again denied by the Commissioner, and, following another suit, the magistrate judge recommended that the Commissioner's decision be affirmed.  Thereafter, this court adopted the R&R and affirmed the Commissioner's decision denying benefits during the period at issue.

In the instant motion, Hardy does not argue there has been an intervening change in controlling law nor does she present new evidence; therefore, the only questions are whether the court's order was based on a clear error of law or would engender a manifest injustice.  Hardy essentially raises two bases upon which the court should reconsider its previous order:  (1) the court erred in finding "the opinions of Drs. Lovelace and Drummond to be inconsistent with their treatment notes," Mot. Recons. 5; and (2) logically, it was improper for the ALJ to discredit the opinion of one physician, Dr. Drummond, based upon the results of objective psychological tests while simultaneously

discounting the opinion of another physician, Dr. Smith, because he relied on those "incomplete" tests. Id. at 7. The court takes these arguments in turn.

**A. Assessment of the Opinions of Drs. Lovelace and Drummond**

In its previous order, the court held that the ALJ relied on sufficient evidence to find that the opinions of Drs. Lovelace and Drummond were unpersuasive. Hardy complains that the court should not have relied on isolated references to the physicians' notes, such as that the claimant is "doing well," to find that it was proper for the ALJ to reject the remainder of the physicians' reports. See Mot. Recons. 2-4.

As to the medical opinions of Dr. Lovelace, this court found that the ALJ was entitled to accord less weight to Dr. Lovelace's opinions to the extent they were inconsistent with his own treatment notes and those of other physicians. Although Dr. Lovelace opined that Hardy "failed to improve" from her treatment in the pain management center, the court cited references to Dr. Dubose's report, which was relied on by Dr. Lovelace and stated that Hardy "has actually done fairly well," "is recovering more quickly," and "overall feels in more control." See Dkt. No. 23 at 10 (citing Tr. 166, 293). This was one of several reasons listed by the court as to why the ALJ sufficiently weighed Dr. Lovelace's opinions according to the factors found at 20 C.F.R. § 404.1527(c), including the supportability of Dr. Lovelace's opinions and consistency with the record as a whole. Moreover, the ALJ only cited the records from Dr. Dubose's report to show inconsistency with Dr. Lovelace's specific opinion that Hardy did not improve from the pain management program. The court finds no reason to revisit its analysis of the ALJ's treatment of Dr. Lovelace's opinions.

Turning to the opinions of Dr. Drummond, this court held that the ALJ made specific findings and relied on substantial evidence in determining that Dr. Drummond's opinions were unpersuasive and unsupported by the balance of the record. The court catalogued the ALJ's application of the § 404.1527 factors and found that the ALJ gave good reasons for the weight given to Dr. Drummond's opinions. Here, Hardy contends that the court took a particular finding of Dr. Drummond's out of context, in which Dr. Drummond noted that Hardy "made gains regarding depression, strength, endurance, and flexibility, and insight as to needed changes." Dkt. No. 23 at 11 (citing Tr. 139, 144, 175). The court used this finding to show that, as required by § 404.1527(d), the ALJ considered the consistency and supportability of Dr. Drummond's opinions by comparing Dr. Drummond's reports from the pain management program with the opinions he provided several years later. As the court noted, an ALJ may consider whether contemporaneous treatment records fail to corroborate a physician's retrospective opinions. Montgomery v. Chater, No. 95-2851, 1997 WL 76937, at *1 (4th Cir. Feb. 25, 1997).

It was the ALJ that weighed the medical evidence, as was his responsibility; this court's duty was to determine whether the ALJ's finding were supported by substantial evidence, and the court held that this test was satisfied. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Hardy fails to show a clear error of law or a danger of manifest injustice.

**B. ALJ's References to the Objective Tests**

In its previous order, the court found that the ALJ properly applied the § 404.1527 factors in determining that Dr. Drummond's medical opinions were unpersuasive and

unsupported by other evidence in the record. In this analysis, the court referred to the ALJ's consideration of the MCMI-III and MMPI-2 tests administered by Dr. Drummond and noted that the ALJ found "inconsistencies between Dr. Drummond's conclusions based on the psychological tests he administered and the test results themselves." Dkt. No. 23 at 11. The court also quoted the ALJ's observation that "the MCMI-III and MMPI-2 reports 'state, essentially, that they cannot be considered definitive and must be evaluated in conjunction with additional clinical data.'" Id. at 11-12 (citing Tr. 139, 151, 462). The purpose of mentioning the ALJ's discussion of the tests was to indicate one of several ways in which the ALJ considered the consistency and supportability of Dr. Drummond's opinions. Later, in assessing the ALJ's treatment of the opinions of another physician, Dr. Smith, the court stated that one of the ALJ's reasons for finding Dr. Smith's opinions to be unpersuasive was because of the "incomplete nature" of the MCMI-III and MMPI-2 tests relied on by Dr. Smith. Id. at 14.

Here, Hardy contends that the court "rule[d] that the findings in the MCMI-III are inconsistent with Dr. Drummond's opinion, yet at another point . . . reference[d] that the ALJ pointed out the incomplete nature of the MCMI-III and MMPI-2 tests administered by Dr. Drummond." Mot. Recons. 7 (internal quotation marks omitted). Hardy argues, "Either it is proper to rely on the test results as Hardy's treating physician did, which leads to support for his opinions which would lead to a finding of disability, or it was improper to rely on the test results, which should not then be used to discredit the opinions of the treating physicians." Id. at 7-8.

First, the court certainly did *not* "rule[] that the findings in the MCMI-III are inconsistent with Dr. Drummond's opinion," id. at 7; instead, the court was plainly

5

discussing the reasons why the *ALJ* found Dr. Drummond's opinions to be unsupported by the evidence, rather than making its own de novo ruling on the merits of Dr. Drummond's opinions. In doing so, the court remained cognizant that "it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays, 907 F.2d at 1456. The ALJ evaluated Dr. Smith's medical opinions in accordance with the applicable law and the court found that the ALJ's opinion was supported by substantial evidence.

Furthermore, the court does not find the clear error of law of which Hardy complains. One the one hand, the court noted that the ALJ, as required by § 404.1527, considered the consistency and supportability of Dr. Drummond's medical opinions by contrasting them with the objective results of the psychological tests he administered and also pointing out that the tests state that they cannot be considered definitive. The court additionally referenced the ALJ's comparison of Dr. Drummond's treatment notes from the pain management program with his retrospective opinion provided in 2005 regarding Hardy's disability. See Dkt. No. 23 at 11-12. On the other hand, the court found that the ALJ was entitled to consider the supportability of Dr. Smith's opinions by noting that the tests, which apparently formed the primary basis of Dr. Smith's opinions as to Hardy's psychological impairments, were "incomplete" because they must be evaluated in conjunction with additional clinical data. Id. at 14. In his analysis of the opinions of *both* Dr. Drummond and Dr. Smith, the ALJ mentioned that the objective tests cannot be considered definitive.[1]

---

[1] In his analysis of Dr. Smith's opinions, the ALJ stated, "I have discussed above the weaknesses of those reports and their incomplete nature in evaluating any individual, including the claimant."

In sum, the court finds no clear error of law or danger of manifest injustice in its earlier ruling. In her motion, Hardy attempts to re-litigate issues that have already been briefed and ruled on by this court. Even if there were merit to one of Hardy's claims, she fails to realize that in each scenario, the court was referencing one of several reasons why the ALJ's decision was supported by substantial evidence; therefore, a finding of harmless error would be applicable.

## II.  CONCLUSION

Based on the foregoing, the court **DENIES** plaintiff's motion for reconsideration.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**July 12, 2012
Charleston, South Carolina**